UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV-14-7923-OSW (AS) | Date | December 5, 2014 |
|---|---|---|---|
| Title | Manuel Rodriguez Castro, Petitioner v. Marion E. Spearman, Warden, Respondent. | | |

| Present: The Honorable | Alka Sagar, United States Magistrate Judge | |
|---|---|---|
| Alma Felix | | N/A |
| Deputy Clerk | | Court Reporter / Recorder |
| Attorneys Present for Petitioner | | Attorneys Present for Respondent: |
| N/A | | N/A |

**Proceedings:**     **(IN CHAMBERS)** ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED AS UNTIMELY

On September 30, 2014, Manuel Rodriguez Castro ("Petitioner") constructively filed a Petition for Writ of Habeas Corpus by a Person in State Custody, pursuant to 28 U.S.C. § 2254 ("Petition") (Docket Entry No. 1).[1] On October 17, 2014, after screening the Petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court determined that the Petition appeared to be untimely and ordered Petitioner to file a Supplemental Statement, no later than November 17, 2014, specifically asserting his reasons for equitable tolling (Docket Entry No. 5). Petitioner was expressly advised that "if he failed to meet his burden for equitable tolling under *Holland*, the Court may recommend that the Petition be dismissed for failure to comply with the applicable limitations period." (Id.).

As of today, however, Petitioner has failed to respond to the Court's October 17, 2014 Order or otherwise indicate how he wishes to proceed with his Petition.

As set forth in the Court's October 17, 2014 Order, the Petition as currently submitted appears to be barred pursuant to 28 U.S.C. § 2244(d)(1). Therefore Petitioner is **ORDERED TO SHOW CAUSE**, within **twenty-one (21) days** of the date of this Order, or **no later than December 29, 2014**, why this action should not be dismissed pursuant to AEDPA's one-year period of limitation. Petitioner may discharge this Order by filing a supplemental statement setting forth the reasons that he may be entitled to statutory or equitable tolling.

---

[1] The Petition is signed and dated September 30, 2014, but was filed with the Clerk of the Court on October 14, 2014. A habeas petition is constructively filed on the date a prisoner presents the petition to prison authorities for forwarding to the Clerk of the Court. Saffold v. Newland, 250 F.3d 1262, 1268 (9th Cir. 2000), vacated on other grounds, 536 U.S. 214 (2002). For the purposes of this Order, the Court will assume that Petitioner presented his petition to prison officials for mailing on the date it was signed.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV-14-7923-OSW (AS) | Date | December 5, 2014 |
|---|---|---|---|
| Title | Manuel Rodriguez Castro, Petitioner v. Marion E. Spearman, Warden, Respondent. | | |

**Instead of filing a response to the instant Order, Petitioner may request a voluntary dismissal of this action pursuant to Federal Rule of Civil Procedure 41(a). <u>A Notice of Dismissal form is attached for Petitioner's convenience</u>. However, Petitioner is advised that any dismissed claims may be later subject to the statute of limitations under 28 U.S.C. § 2244(d)(1), as amended by AEDPA, which provides that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State Court."**

**Petitioner is expressly warned that the failure to timely file a response to his Order may result in a recommendation that this action be dismissed with prejudice for his failure to comply with Court orders and failure to prosecute. <u>See</u> Fed.R. Civ. P. 41(b).**

The Clerk of the Court is directed to serve a copy of this Order on Petitioner at his current address of record.